UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
W.S.R., An Infant By and Through His Father WILLIAM
RICHARDSON, and WILLIAM RICHARDSON and
NICOLE RICHARDSON, INDIVIDUALLY,

                    Plaintiffs

             - Against -

FCA US LLC, YANFENG US AUTOMOTIVE INTERIOR
SYSTEMS II LLC (a/k/a YANFENG AUTOMOTIVE
INTERIOR SYSTEMS), ADIENT PLC, and JOHNSON
CONTROLS, INC.,

                    Defendants
------------------------------------------------------------------------X

**CIVIL ACTION NO.:
7:18-cv-06961-KMK-LMS**

**SECOND AMENDED
COMPLAINT**

**JURY DEMAND**

## PLAINTIFFS' COMPLAINT

1.     Plaintiffs W.S.R. an infant by and through his father and natural guardian, WILLIAM RICHARDSON, and WILLIAM RICHARDSON and NICOLE RICHARDSON, Individually, bring this action against Defendant FCA US LLC, Yanfeng US Automotive Interior Systems II LLC (a/k/a Yanfeng Automotive Interior Systems) ("Yanfeng"), Adient PLC, and Johnson Controls, Inc. The Plaintiffs assert claims herein against the Defendants, upon information and belief, as more fully set forth below:

## NATURE OF THE ACTION

2.     This is a products liability and personal injury action to recover economic and non-economic damages resulting from personal injuries sustained by W.S.R., an infant, who suffered severe personal injuries when a 2017 Chrysler Pacifica, bearing VIN number 2C4RC1EG8HR513511 ("the subject vehicle"), rolled over him while in neutral due to a

{00046634}

dangerous defect concerning the vehicle's Manual Park Release and its plug. This dangerous defect, which allows the vehicle to unintentionally be placed in neutral and to roll away, was known or should have been known to the Defendants. Due to this dangerous defect, the 2017 Chrysler Pacifica fails to comply with the requirements of Federal Motor Vehicle Safety Standard (FMVSS) number 114, and is the subject of a federal safety recall. W.S.R.'s injuries occurred as the direct and proximate result of this defect and Defendants' negligence and wrongful conduct related thereto.

**PARTIES**

3.     Plaintiff WILLIAM RICHARDSON is the father and natural guardian of infant Plaintiff W.S.R. and, as such, has all rights and standing to bring this action individually and on behalf of his son.

4.     Plaintiff NICOLE RICHARDSON is the mother of Plaintiff W.S.R. and as such has all the rights and standing to bring this action individually as stated below.

5.     Plaintiff W.S.R., is an infant, having been born on February 19, 2009.

6.     Plaintiffs reside at 63 Klothe Drive, Grahamsville, NY 12740, County of Sullivan, State of New York, which is within this judicial district, the Southern District of the State of New York, and are citizens of the State of New York.

7.     Plaintiff W.S.R. was injured on June 24, 2018 at the driveway of 63 Klothe Drive, Grahamsville, NY 12740, County of Sullivan, and State of New York.

8.     At all times hereinafter mentioned, Defendant FCA US LLC is a North

2

American automobile designer and manufacturer and is a member of the "Fiat Chrysler Automobile, N.V." (FCA) family of companies, the seventh largest automaker in the world based on total annual vehicle sales.

9.     At all times hereinafter mentioned, Defendant FCA US LLC designs, engineers, manufactures and sells vehicles under the Chrysler, Jeep, Dodge, Ram and FIAT brands.

10.     At all times hereinafter mentioned, Defendant FCA US LLC, (hereinafter "CHRYSLER") was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and registered to do business in the State of New York.

11.     At all times hereinafter mentioned Defendant CHRYSLER'S Corporate Headquarters is located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.

12.     At all times hereinafter mentioned Defendant CHRYSLER designs, manufactures, markets, distributes, services, repairs, sells, and leases passenger vehicles, nationwide and in New York State, including the subject 2017 Chrysler Pacifica.

13.     At all times hereinafter mentioned, Defendant CHRYSLER was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and motor vehicle components in New York State.

14.     The subject vehicle described herein that rolled over the infant Plaintiff was designed, manufactured, marketed, distributed, and sold by CHRYSLER.

3

{00046634}

15.     Upon information and belief, at all relevant times, CHRYSLER in person or through its agents, servants and/or employees, regularly conducted and/or solicited business in the State of New York.

16.     Upon information and belief, at all relevant times, CHRYSLER derived substantial revenue from its business activities in the State of New York.

17.     Upon information and belief, at all relevant times, CHRYSLER expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate and international commerce.

18.     Upon information and belief, at all relevant times, CHRYSLER owned, leased, rented, operated, used or possessed real estate situated within the State of New York for the purpose of conducting the business activities described herein.

19.     At all times hereinafter mentioned, Defendant Yanfeng US Automotive Interior Systems II LLC (a/k/a Yanfeng Automotive Interior Systems) (hereinafter "YANFENG") is a manufacturer of automotive interior parts.

20.     At all times hereinafter mentioned, Defendant YANFENG designs, engineers, manufactures and sells automotive interior parts later integrated into automobiles, including those manufactured by Defendant CHRYSLER.

21.     At all times hereinafter mentioned, Defendant YANFENG was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

4

{00046634}

22.     At all times hereinafter mentioned Defendant YANFENG'S US Corporate Headquarters is located at 41935 W 12 Mile Rd, Novi MI 48377.

23.     At all times hereinafter mentioned Defendant YANFENG designs, manufactures, markets, distributes, services, repairs, and sells automobile interior parts nationwide, including Manual Park Release and its plug cover integrated into the subject 2017 Chrysler Pacifica.

24.     At all times hereinafter mentioned, Defendant YANFENG was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobile interior parts across the United States that are integrated into automobiles sold across the country.

25.     The defective Manual Park Release and its plug cover described herein that caused the subject vehicle to roll over the infant Plaintiff was designed, manufactured, marketed, distributed, and sold by YANFENG.

26.     Upon information and belief, at all relevant times, YANFENG in person or through its agents, servants and/or employees, regularly conducted and/or solicited business in the State of New York.

27.     Upon information and belief, at all relevant times, YANFENG derived substantial revenue from its business activities in the State of New York.

28.     Upon information and belief, at all relevant times, YANFENG expected or should have expected its acts to have consequences within the State of New York and

5

{00046634}

9/27/2019

Minute Entry for proceedings held before Magistrate Judge Lisa Margaret Smith:Status Conference held on 9/27/2019. Yitzchak M. Fogel appearing in person on behalf of Plaintiffs. Maureen D. Fogel appearing in person on behalf of Defendant FCA US LLC. Cathleen A. Giannetta appearing in person on behalf of Defendant and Third Party Defendant Yanfeng US Automotive Interior Systems LLC. Discovery issues resolved on the record; see transcript. Plaintiffs must identify any and all experts, and/or treating physicians, no later than 11/6/2019; Defendants must identify its expert(s) by 1/10/2020. Adjourned to November 4, 2019, at 11:30 AM for an in-person status conference. (Status Conference set for 11/4/2019 at 11:30 AM in Courtroom 520, 300 Quarropas Street, White Plains, NY 10601 before Magistrate Judge Lisa Margaret Smith) (Court Reporter: Courtflow) (ESL) (Entered: 09/27/2019)

derived substantial revenue from interstate and international commerce.

29.     Upon information and belief, at all relevant times, YANFENG owned, leased, rented, operated, used or possessed real estate situated within the State of New York for the purpose of conducting the business activities described herein.

30.     At all times hereinafter mentioned, Defendant Adient PLC (hereinafter "ADIENT") is a manufacturer of automotive interior parts.

31.     At all times hereinafter mentioned, Defendant ADIENT designs, engineers, manufactures and sells automotive interior parts later integrated into automobiles, including those manufactured by Defendant CHRYSLER.

32.     At all times hereinafter mentioned, Defendant ADIENT was and still is a foreign public limited company duly organized and existing under and by virtue of the laws of the country of Ireland.

33.     At all times hereinafter mentioned Defendant ADIENT's US Corporate Headquarters is located at 47700 Halyard Drive, Plymouth, MI 48170.

34.     At all times hereinafter mentioned Defendant ADIENT designs, manufactures, markets, distributes, services, repairs, and sells automobile interior parts nationwide, including Manual Park Release and its plug cover integrated into the subject 2017 Chrysler Pacifica.

35.     At all times hereinafter mentioned, Defendant ADIENT was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobile interior parts across the United States that are integrated into

6

{00046634}

automobiles sold across the country.

36.     The defective Manual Park Release and its plug cover described herein that caused the subject vehicle to roll over the infant Plaintiff was designed, manufactured, marketed, distributed, and sold by ADIENT.

37.     Upon information and belief, at all relevant times, ADIENT in person or through its agents, servants and/or employees, regularly conducted and/or solicited business in the State of New York.

38.     Upon information and belief, at all relevant times, ADIENT derived substantial revenue from its business activities in the State of New York.

39.     Upon information and belief, at all relevant times, ADIENT expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate and international commerce.

40.     Upon information and belief, at all relevant times, ADIENT owned, leased, rented, operated, used or possessed real estate situated within the State of New York for the purpose of conducting the business activities described herein.

41.     At all times hereinafter mentioned, Defendant Johnson Controls, Inc., (hereinafter "JOHNSON CONTROLS") is a manufacturer of automotive interior parts.

42.     At all times hereinafter mentioned, Defendant JOHNSON CONTROLS designs, engineers, manufactures and sells automotive interior parts later integrated into automobiles, including those manufactured by Defendant CHRYSLER.

{00046634}

43.    At all times hereinafter mentioned, Defendant JOHNSON CONTROLS was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin, and registered to do business in the State of New York.

44.    At all times hereinafter mentioned Defendant JOHNSON CONTROLS' Corporate Headquarters is located at 5757 N Green Bay Ave, Milwaukee, WI 53201.

45.    At all times hereinafter mentioned Defendant JOHNSON CONTROLS designs, manufactures, markets, distributes, services, repairs, and sells automobile interior parts nationwide, including Manual Park Release and its plug cover integrated into the subject 2017 Chrysler Pacifica.

46.    At all times hereinafter mentioned, Defendant JOHNSON CONTROLS was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobile interior parts across the United States that are integrated into automobiles sold across the country.

47.    The defective Manual Park Release and its plug cover described herein that caused the subject vehicle to roll over the infant Plaintiff was designed, manufactured, marketed, distributed, and sold by JOHNSON CONTROLS.

48.    Upon information and belief, at all relevant times, JOHNSON CONTROLS in person or through its agents, servants and/or employees, regularly conducted and/or solicited business in the State of New York.

49.    Upon information and belief, at all relevant times, JOHNSON CONTROLS

8

derived substantial revenue from its business activities in the State of New York.

50.    Upon information and belief, at all relevant times, JOHNSON CONTROLS expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate and international commerce.

51.    Upon information and belief, at all relevant times, JOHNSON CONTROLS owned, leased, rented, operated, used or possessed real estate situated within the State of New York for the purpose of conducting the business activities described herein.

## JURISDICTION AND VENUE

52.    The Court has jurisdiction over the Defendant CHRYSLER because it has continuing minimum contacts with the State of New York, and/or is doing business and is engaged in substantial activity within New York, and/or has committed torts or breached warranties and committed acts or omissions in New York, which resulted in personal injuries in New York, at a time when solicitations or services were carried on within New York, by or on behalf of this Defendant, and products, materials or things processed, serviced, or manufactured by this Defendant were used or consumed within New York in the ordinary course of trade.

53.    The Court has jurisdiction over the Defendant YANFENG because it: engaged in a continuous and systematic course of doing business in New York; has continuing minimum contacts with the State of New York; derives substantial revenue from interstate or international commerce; is doing business and is engaged in substantial activity within

9

New York; has committed torts or breached warranties and committed acts or omissions in New York, which resulted in personal injuries in New York, at a time when solicitations or services were carried on within New York, by or on behalf of this Defendant; and products, materials or things processed, serviced, or manufactured by this Defendant were used or consumed within New York in the ordinary course of trade.

54.    The Court has jurisdiction over the Defendant ADIENT because it: engaged in a continuous and systematic course of doing business in New York; has continuing minimum contacts with the State of New York; derives substantial revenue from interstate or international commerce; is doing business and is engaged in substantial activity within New York; has committed torts or breached warranties and committed acts or omissions in New York, which resulted in personal injuries in New York, at a time when solicitations or services were carried on within New York, by or on behalf of this Defendant; and products, materials or things processed, serviced, or manufactured by this Defendant were used or consumed within New York in the ordinary course of trade.

55.    The Court has jurisdiction over the Defendant JOHNSON CONTROLS because it has continuing minimum contacts with the State of New York, and/or is doing business and is engaged in substantial activity within New York, and/or has committed torts or breached warranties and committed acts or omissions in New York, which resulted in personal injuries in New York, at a time when solicitations or services were carried on within New York, by or on behalf of this Defendant, and products, materials or things processed, serviced, or manufactured by this Defendant were used or consumed within New

10

York in the ordinary course of trade.

56.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (a) the matter in controversy exceeds $75,000, and (b) there is complete diversity of citizenship between Plaintiffs and the Defendant.

57.     Plaintiffs are citizens of the State of New York by virtue of there residence there. Defendants are citizens of the States of Delaware, Michigan, Wisconsin, and Ireland by virtue of their incorporation there.

58.     Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over the Defendants, because Defendants are routinely present in the State of New York such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

59.     This Court has personal jurisdiction over the Defendants CHRYSLER, YANFENG, ADIENT, and JOHNSON CONTROLS pursuant to, and consistent with, the Constitutional requirements of Due Process in that the Defendants acting through agents or apparent agents committed one or more of the following:

    i.   transacted business in the State of New York;

    ii.  committed a tortious act within the State of New York;

    iii. committed a tortious act without the state causing injury to person or property within the State of New York;

11

    iv.  regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the State of New York;

    v.  expect or should reasonably expect the act to have consequences in the state and derive substantial revenue from interstate or international commerce; or

    vi.  owned, used, leased, rented, operated or possessed real estate situated in the State of New York.

60.    This Court has personal jurisdiction over the Defendants YANFENG, ADIENT, and JOHNSON CONTROLS because they supplied Defendant CHRYSLER with the component part, the Manual Park Release and/or its plug, knowing that the component would be used in automobiles sold throughout the United States, including in New York.

61.    Requiring Defendants to litigate this claim in the State of New York does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

62.    As an active foreign limited liability company, Defendant CHRYSLER has authorized the New York State Secretary of State to accept service of process on behalf of Defendant, and maintains a registered agent at CT Corporation System, 28 Liberty Street, New York, NY 10005, in part, for the purpose of accepting service of said process.

63.    As an active foreign business corporation, Defendant JOHNSON CONTROLS

12

{00046634}

has authorized the New York State Secretary of State to accept service of process on behalf of Defendant, and maintains a registered agent at CT Corporation System, 28 Liberty Street, New York, NY 10005, in part, for the purpose of accepting service of said process.

64.     Venue is proper under 28 U.S.C. §§ 1391(a), 1391(b)(1), 1391(b)(2), 1391(c)(1) and 1391(c)(2) because the Plaintiffs and Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim and a substantial part of the property that is the subject of this action are in this judicial district.

65.     Defendants through their business of distributing, selling, and leasing motor vehicles and automobile parts within this district have established sufficient contacts in this district such that personal jurisdiction is appropriate.

## FACTUAL BACKGROUND

66.     In or about July 2016, Plaintiff WILLIAM RICHARDSON purchased the subject vehicle in the State of New York.

67.     At all relevant times, the subject vehicle was designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce by Defendant CHRYSLER.

68.     At all relevant times, the subject vehicle's Manual Park Release and plug cover (a/k/a "shifter over ride cover") was designed, manufactured, assembled, marketed, distributed, and placed into the stream of commerce by Defendants YANFENG, ADIENT, and JOHNSON CONTROLS.

69.     At all relevant times, Defendant CHRYSLER offered the subject vehicle for sale

13

{00046634}

to the public within the State of New York, including Plaintiff.

70.   At all relevant times, Defendants YANFENG, ADIENT, and JOHNSON CONTROLS offered the subject vehicle's Manual Park Release and plug cover for sale to CHRYSLER with knowledge that the subject vehicle would be offered to sale to the public within the State of New York, including Plaintiff.

71.   At all relevant times, United States Federal Motor Vehicle Safety Standards (FMVSS) number 114 mandates that all vehicles containing a Manual Park Release ("MPR") plug must require the use of a screwdriver or other tool to access the MPR.

72.   At all relevant times, FMVSS number 114 was intended to protect the public from foreseeable harm, because if the MPR is engaged unintentionally, the vehicle can roll away, striking and injuring a nearby person.

73.   At all relevant times, Defendant CHRYSLER knew or should have known that the MPR plug has an inadequately low pull-out force and may be removed without a screwdriver or other tool on the 2017 Chrysler Pacifica, including the subject vehicle.

74.   At all relevant times, Defendants YANFENG, ADIENT, and JOHNSON CONTROLS knew or should have known that the MPR plug and cover has an inadequately low pull-out force and may be removed without a screwdriver or other tool on the 2017 Chrysler Pacifica, including the subject vehicle

75.   At all relevant times, the subject vehicle had an MPR plug that could be removed without a screwdriver or other tool.

14

76.    At all relevant times, the subject vehicle and its MPR plug was not in compliance with FMVSS number 114.

77.    At all relevant times, the subject vehicle and its MPR plug was in a hazardous, dangerous, and defective condition.

78.    At all relevant times, the subject vehicle and its MPR plug contained a design defect.

79.    At all relevant times, the subject vehicle and its MPR plug contained a manufacturing defect.

80.    At all relevant times, the subject vehicle and its MPR plug contained inadequate warnings about the MPR.

81.    At all relevant times, the subject vehicle and its MPR plug was placed into the stream of commerce and sold to the Plaintiff in a dangerous and defective condition.

82.    On or about June 14, 2018, Defendant CHRYSLER notified the National Highway Traffic Safety Administration of a safety recall of 2017 Chrysler Pacifica vehicles, including the subject vehicle, because the MPR plug may be removed without a screwdriver or other tool in violation of FMVSS number 114. The recall was expected to begin August 3, 2018.

83.    On June 24, 2018, Plaintiff W.S.R. was severely injured when, without a tool, the MPR was unintentionally accessed, and the subject vehicle rolled over him while in neutral.

{00046634}

## COUNT I

### <u>NEGLIGENCE</u>

84.     Plaintiff repeats each and every paragraph as if fully set forth herein.

85.     At all times hereinafter mentioned, Defendants had a duty and obligation to properly design, test, manufacture, assemble, inspect, market, sell, own, maintain, control, distribute and repair the subject vehicle and its MPR plug with reasonable care and in a reasonably safe manner so that same did not pose a danger or hazards to owners, operators, other motorists, pedestrians and bystanders, and in particular the Plaintiff.

86.     At all times hereinafter mentioned Defendants, their agents, servants and/or employees were negligent in their design, testing, manufacture, assembly, inspection, marketing, sale, ownership, maintenance, control, distribution and repair of the subject vehicle and its MPR plug and were otherwise careless, reckless, and disregarded the safety of others, and Plaintiffs in particular.

87.     At all times hereinafter mentioned, Defendants failed to give adequate and timely warnings, and were otherwise careless, reckless and disregarded the safety of others, and Plaintiffs in particular.

88.     At all times hereinafter mentioned, the subject vehicle and its MPR plug was not compliant with FMVSS number 114, and was in a hazardous, dangerous, and defective condition.

89.     As a result of Defendants' negligence, infant Plaintiff W.S.R. was struck by the

16

subject vehicle and thereby rendered sick, lame, injured, and disabled, resulting in damages, both general and special, in that he suffered severe painful bodily injuries, including fractures, and significant loss of function, which injuries necessitated his obtaining hospital and medical treatment, caused him great pain and suffering, emotional distress, incapacitated him from pursuing his usual employment, recreational, and other activities, and have left him with permanent disabilities that will in the future similarly incapacitate him, all of which have caused him in the past to suffer pain and suffering, and require medical treatment and therapies, and will continue to cause him future pain, suffering, medical treatment, and therapies, and in that he was otherwise injured and damaged.

90.     Article 16 of the New York Civil Practice Law and Rules (CPLR) does not apply to this case, because there is only one named defendant.

91.     Even if multiple defendants were named in this action, this action falls within one or more of the exceptions set forth in CPLR 1602 and, therefore, Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss, irrespective of the provisions of CPLR Section 1601.

92.     The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because one or more of the exceptions to Article 16 apply to the within matter, including but not limited to CPLR § 1602 (2) in that this action arises by reason of a non-delegable duty and/or by reason of the doctrine of *respondeat superior*; CPLR § 1602( 6) in that this action involves the use, operation or ownership of a motor vehicle; CPLR § 1602(7) in that

17

defendants herein acted with reckless disregard of others; and CPLR §1602(11) in that the limitations of Article 16 do not apply to any parties found to have acted knowingly or intentionally, and in concert, to cause the acts or failures upon which liability is based.

93.     By reason of the foregoing, Plaintiff W.S.R. has sustained a serious injury, as defined by subsection (d) of section five thousand one hundred two of the New York State Insurance Law, and has also sustained economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

94.     By reason of the foregoing, Plaintiffs were compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for such medical care and medicines and the Plaintiff W.S.R. will necessarily incur medical and other expenses in the future.

95.     No negligence on the part of Plaintiffs caused or contributed to the injuries claimed herein.

96.     By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

97.     Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

{00046634}

## COUNT II

## STRICT PRODUCTS LIABILITY

98.     Plaintiff repeats each and every paragraph as if fully set forth herein.

99.     The subject vehicle and its MPR plug was defective in its design, manufacture, and in its failure to provide adequate warnings, and said defect existed at the time the vehicle left the Defendants' possession and control.

100.    The utility of the subject vehicle to the individual user did not outweigh the risk inherent in marketing the vehicle with its defective design.

101.    A safer design was available and the vehicle and its MPR plug could have been designed and manufactured in a safer way while remaining functional and without increasing the product's cost.

102.    A safer design was mandated by FMVSS number 114 and federal law prohibited the sale and distribution of the subject vehicle in violation of this standard.

103.    As a result of Defendants' strict product liability, infant Plaintiff W.S.R. was rendered sick, lame, injured, and disabled, resulting in damages, both general and special, in that he suffered severe painful bodily injuries, emotional distress, and significant loss of function, which injuries necessitated his obtaining hospital and medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment, recreational, and other activities, and have left him with permanent disabilities that will in the future similarly incapacitate him, all of which have caused him in the past to suffer pain and suffering, and

19

{00046634}

require medical treatment and therapies, and will continue to cause him future pain, suffering, medical treatment and therapies, and in that he was otherwise injured and damaged .

104.   The aforesaid injuries were caused during the normal course of use of the subject vehicle for its reasonably foreseeable and intended purposes.

105.   The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because there is not more than one Defendant named herein, and also because one or more of the exceptions to Article 16 apply to the within matter, including but not limited to CPLR § 1602 (2) in that this action arises by reason of a non-delegable duty and/or by reason of the doctrine of *respondeat superior*; CPLR § 1602( 6) in that this action involves the use, operation or ownership of a motor vehicle; CPLR § 1602(7) in that defendants herein acted with reckless disregard of others; and CPLR §1602(11) in that the limitations of Article 16 do not apply to any parties found to have acted knowingly or intentionally, and in concert, to cause the acts or failures upon which liability is based.

106.   By reason of the foregoing, Plaintiff W.S.R. has sustained a serious injury, as defined by subsection (d) of section five thousand one hundred two of the New York State Insurance Law, and has also sustained economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

107.   By reason of the foregoing, Plaintiffs were compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for such medical care and medicines and the Plaintiff W.S.R. will necessarily incur medical and other

20

expenses in the future.

108. No negligence on the part of Plaintiffs caused or contributed to the injuries claimed herein.

109. By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

110. Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

## COUNT III

### BREACH OF EXPRESS WARRANTY

111. Plaintiffs repeat each and every paragraph as if fully contained herein.

112. Defendants represented to the public, each other, and to Plaintiffs in particular that the quality of the subject vehicle and its MPR plug was satisfactory and safe in its design and manufacture and such representations were made in a way as to induce Plaintiff's purchase of the vehicle.

113. Defendants represented to each other and to Plaintiffs that the quality of the subject MPR plug was satisfactory and safe in its design and manufacture and Plaintiffs and the public were intended third-party beneficiaries of such representations, and such representations were made in a way as to induce Plaintiff's purchase of the vehicle.

21

{00046634}

114.    The subject vehicle did not conform to the representations made by Defendants in that the vehicle was defective and dangerous and in violation of federal automobile safety standards, including FMVSS number 114.

115.    The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because there is not more than one defendant named herein, and also because one or more of the exceptions to Article 16 apply to the within matter, including but not limited to CPLR § 1602 (2) in that this action arises by reason of a non-delegable duty and/or by reason of the doctrine of *respondeat superior*; CPLR § 1602( 6) in that this action involves the use, operation or ownership of a motor vehicle; CPLR § 1602(7) in that defendants herein acted with reckless disregard of others; and CPLR §1602(11) in that the limitations of Article 16 do not apply to any parties found to have acted knowingly or intentionally, and in concert, to cause the acts or failures upon which liability is based.

116.    By reason of the foregoing, Plaintiff W.S.R. has sustained a serious injury, as defined by subsection (d) of section five thousand one hundred two of the New York State Insurance Law, and has also sustained economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

117.    By reason of the foregoing, Plaintiffs were compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for such medical care and medicines and the Plaintiff W.S.R. will necessarily incur medical and other expenses in the future.

{00046634}

118.    No negligence on the part of Plaintiffs caused or contributed to the injuries claimed herein.

119.    By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

120.    Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

## COUNT IV

### BREACH OF IMPLIED WARRANTY

121.    Plaintiffs repeat each and every paragraph as if fully contained herein.

122.    The law implies a warranty by the Defendants, as manufacturers and sellers of the subject vehicle and its MPR plug, that the subject vehicle and its MPR plug was reasonably fit for the ordinary purposes for which it was used.

123.    The subject vehicle and its MPR plug was not fit for its ordinary purpose in that it was defective and not compliant with federal automobile safety standards, including FMVSS number 114, and therefore Defendants breached the implied warranty of fitness for the vehicle's intended ordinary purpose.

124.    The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because there is not more than one defendant named herein, and also because

23

{00046634}

one or more of the exceptions to Article 16 apply to the within matter, including but not limited to CPLR § 1602 (2) in that this action arises by reason of a non-delegable duty and/or by reason of the doctrine of *respondeat superior*; CPLR § 1602( 6) in that this action involves the use, operation or ownership of a motor vehicle; CPLR § 1602(7) in that defendants herein acted with reckless disregard of others; and CPLR §1602(11) in that the limitations of Article 16 do not apply to any parties found to have acted knowingly or intentionally, and in concert, to cause the acts or failures upon which liability is based.

125.    By reason of the foregoing, Plaintiff W.S.R. has sustained a serious injury, as defined by subsection (d) of section five thousand one hundred two of the New York State Insurance Law, and has also sustained economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

126.    By reason of the foregoing, Plaintiffs were compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for such medical care and medicines and the Plaintiff W.S.R. will necessarily incur medical and other expenses in the future.

127.    No negligence on the part of Plaintiffs caused or contributed to the injuries claimed herein.

128.    By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

24

{00046634}

129.   Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

## COUNT V

## PROPERTY DAMAGE AND RELATED COSTS

130.   Plaintiffs repeat each and every paragraph as if fully contained herein.

131.   As a result of the foregoing, Plaintiffs WILLIAM RICHARDSON and NICOLE RICHARDSON sustained property damage to the subject vehicle and to the real and personal property located at 63 Klothe Drive, Grahamsville, NY 12740, and was otherwise damaged.

132.   As a result of the foregoing, Plaintiffs WILLIAM RICHARDSON and NICOLE RICHARDSON have also incurred additional costs related to the damages sustained by their son, Plaintiff W.S.R., were compelled to and did necessarily pay and become liable therefore for such additional costs, including travel expenses, increased insurance premiums, accommodations, medical care, treatments and medicines and the Plaintiffs WILLIAM RICHARDSON and NICOLE RICHARDSON will necessarily incur such additional costs, medical and other expenses in the future, and was otherwise damaged.

133.   By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

134.   Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an

25

{00046634}

amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

## COUNT VI

## PARENTAL LOSS OF SERVICES

135.    Plaintiffs repeat each and every paragraph as if fully contained herein.

136.    As the parents of W.S.R., Plaintiffs WILLIAM RICHARDSON and NICOLE RICHARDSON were, are, and will be entitled to the services of their child W.S.R.

137.    As a result of the foregoing, Plaintiffs WILLIAM RICHARDSON and NICOLE RICHARDSON sustained the loss of services of their son, W.S.R. as a result of the injuries W.S.R. sustained as described herein, and will be deprived of such services into the future and were otherwise injured, harmed and damaged.

138.    By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

139.    Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby invoke their right to a trial by jury as to all counts and issues pled against the Defendant in this case.

{00046634}

WHEREFORE, Plaintiffs demand judgment against Defendant on the First, Second, Third, Fourth, Fifth and Sixth Causes of Action in an amount to be determined at trial of this matter, which exceeds $75,000.00 on each Cause of Action, together with the costs and disbursements of this action, and for such other and further relief as the Court herein deems just and proper.

Dated:      New York, New York
            September 26, 2019

                                        Yours, etc.

                                        PHILLIPS & PAOLICELLI, LLP

                        By:   _____
                                        Danielle George (DG-6494)
                                        Yitzchak M. Fogel (YF-7186)
                                        Attorneys for Plaintiffs
                                        747 Third Avenue, 6th Floor
                                        New York, New York 10017
                                        (212) 388 - 5100

{00046634}