UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
W.S.R., An Infant By and Through His Father        7:18-CV 6961 (KMK) (LMS)
WILLIAM RICHARDSON, and WILLIAM RICHARDSON
and NICOLE RICHARDSON, INDIVIDUALLY,

                Plaintiffs,

       -against-

FCA US, LLC and YANFENG US AUTOMOTIVE
INTERIOR SYSTEMS II LLC (a/k/a YANFENG
AUTOMOTIVE INTERIOR SYSTEMS), ADIENT PLC,
and JOHNSON CONTROLS, INC.,

                Defendants.
-------------------------------------------------------------------------x
FCA US, LLC,

                Third-Party Plaintiff,

       -against-

YANFENG US AUTOMOTIVE INTERIOR
SYSTEMS II LLC,

                Third-Party Defendant.
-------------------------------------------------------------------------x

## SECOND AMENDED
## STIPULATED PROTECTIVE ORDER   With new ¶13A.

       It is hereby stipulated and agreed, by and between the respective parties hereto and their

counsel, that Defendants FCA US LLC (hereinafter "FCA US"), Yanfeng US Automotive Interior

Systems II LLC ("Yanfeng"), Adient PLC ("Adient") and Johnson Controls, Inc. ("Johnson")

(collectively referred to as "Defendants") may produce for discovery and inspection documents

that are commercially confidential or proprietary and/or contain trade secrets, and which, if

released to Defendants' competitors or others, would enable them to exploit the individual

Defendants for their own economic gain ("Confidential Information").   Accordingly, the

121258858.4

following provisions will apply to such documents designated by Defendants as subject to this Protective Order:

1.     The documents will be stamped or otherwise marked "Subject to Protective Order," or will contain a similar designation to identify the documents to which this Protective Order applies.    Testimony and other information based upon documents so designated shall be considered protected and subject to this Protective Order.

2.     Confidential Information shall be used only for the purpose of prosecuting or defending this action.  In connection with such use, the Confidential Information may be shown to the parties, including current or former employees, counsel for the parties and their staffs, experts retained by and assisting counsel in connection with this case, court reporters in connection with the taking of depositions, and to the Court and its staff.  Any parties, counsel, experts, court reporters or other persons to which Confidential Information is provided pursuant to this paragraph shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order.  Nothing herein shall preclude the parties from consenting to the showing Confidential Information to fact witness(es) not otherwise specified herein.  In the event that such consent is alleged to have been withheld without good cause, any party may seek an order from the Court upon a showing of good cause that Confidential Information should be shown to such fact witness(es).

3.     The documents, or information contained therein, may not be further disseminated to any person or entity.

4.     Any party disclosing Confidential Information to any other person or firm pursuant to Paragraph 2 above shall first advise the person or firm to which the Confidential

121258858.4

Information is being provided that such person or firm may not divulge any such information to any other person.

      5.      The production of documents by any party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

      6.      The inadvertent and/or unintentional failure to designate discovery material as Confidential Information does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of any such disclosure (inadvertent or otherwise), with the effect that such discovery material will be subject to the protections of this Protective Order. Designation of information or documents as Confidential Information or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets or that such information or documents may not be entitled to further protection under the law.

      7.      If the receiving party reasonably believes that Confidential Information has been inadvertently disclosed or produced to it, it shall promptly notify the producing Defendant, as applicable, and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the party would be entitled in the litigation or any other federal or state proceeding.

      8.      The terms of this Protective Order do not preclude any Defendant from providing Confidential Information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with its obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, *et. seq.*

3

9.      At any time during the pendency of this litigation, any party may request that specific documents be removed from the protection of this Protective Order.  Such request shall be made in writing to counsel for the producing party, and must contain (a) a listing of the specific documents or other things that the requesting party seeks to remove from the protection of this Protective Order, and (b) the basis of the request.  If the parties are unable to resolve the issue through negotiation, within thirty (30) days of the receipt of any such request, the requesting party may file with the Court an appropriate motion to seek a judicial determination of the protected status of any document(s) at issue.  If such a motion is filed, the document(s) at issue shall remain subject to this Protective Order until such time as the Court orders otherwise.

10.     Any notes, lists, memoranda, indices, or compilations prepared based wholly or in part upon examination of Confidential Information produced subject to this Protective Order shall not be disseminated to persons other than those who are identified in paragraph 2 of this Protective Order.

11.     To the extent that Confidential Information or the information contained therein is used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Information.  During the trial of this case, or at any motion hearing in this case, if any party seeks to introduce into evidence or present Confidential Information in support of or opposition to a motion, the party seeking to introduce or present the Confidential Information shall file any such documents under seal and request the Court to seal any transcript and otherwise protect against the dissemination of such documents to those not involved in the trial.

12.     Upon the termination of this litigation, Confidential Information produced subject to this Protective Order, and any copies, shall be returned to counsel for the producing party.  In

121258858.4

the alternative, a letter may be provided to counsel for the producing party certifying that the Confidential Information, and any copies, have been destroyed.  In the event that Confidential Information is provided to a third party person or firm pursuant to Paragraph 2 above, the party making the disclosure pursuant to Paragraph 2 above shall obtain any such Confidential Information and return or destroy it in accordance with this paragraph.  If any person or firm to which Confidential Information is provided pursuant to Paragraph 2 above retains copies of Confidential Information in violation of this Protective Order, the party making the disclosure pursuant to Paragraph 2 above shall provide counsel for the producing party with the name and address of all such persons or firms.

13.    After termination of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, their attorneys and experts for the enforcement of the provisions of this Protective Order.

ENTERED this _9TH_ day of _January_ , 20_20_.

_Lisa Margaret_

Honorable Lisa Margaret Smith , U.S.D.C. Magistrate Judge

→ 13A. This order is subject to Standing Order M-10-468 filed 10/5/01, copy attached hereto.  _LMS_

5

**STIPULATED AND AGREED TO BY:**

*Attorneys for Plaintiffs*

By: _____
    Danielle George, Esq.
    PHILLIPS & PAOLICELLI, LLP
    747 Third Avenue, 6th Floor
    New York, New York 10017
    (212) 388-5100

*Attorneys for Defendant/Third-Party Plaintiff
FCA US LLC*

By: _____
    Jessica L. Gross, Esq.
    HERZFELD & RUBIN, P.C.
    125 Broad Street
    New York, New York 10004
    P: (212) 471-8500
    F: (212) 344-3333
    jgross@herzfeld-rubin.com

*Attorneys for Defendant/ Third-Party
Defendant Yanfeng US Automotive
Interior Systems*

By: _____
    Cathleen A. Giannetta, Esq.
    WOOD SMITH HENNING AND
    BERMAN LLP
    685 3rd Avenue, 18th Floor
    New York, New York 10017
    (212) 999-7100

*Attorneys for Defendants Adient PLC and
Johnson Controls, Inc.*

By: _____
    John P. Mitchell, Esq.
    DRINKER BIDDLE & REATH LLP
    1177 Avenue of the Americas
    41st Floor
    New York, NY  10036-2714
    P: (212) 248-3140
    F: (212) 248-3141
    john.mitchell@dbr.com

121258858.4

**STIPULATED AND AGREED TO BY:**

*Attorneys for Plaintiffs*

*Attorneys for Defendant/Third-Party Plaintiff FCA US LLC*

By:_____
    Danielle George, Esq.
    PHILLIPS & PAOLICELLI, LLP
    747 Third Avenue, 6th Floor
    New York, New York 10017
    (212) 388-5100

By: *Maureen Doerner Fogel*
    ~~Jessica L. Gross, Esq.~~ *Maureen Doerner Fogel*
    HERZFELD & RUBIN, P.C.
    125 Broad Street
    New York, New York 10004
    P: (212) 471-8500
    F: (212) 344-3333
    ~~jgross~~@herzfeld-rubin.com
    Mfogel

*Attorneys for Defendant/ Third-Party Defendant Yanfeng US Automotive Interior Systems*

*Attorneys for Defendants Adient PLC and Johnson Controls, Inc.*

By:_____
    Cathleen A. Giannetta, Esq.
    WOOD SMITH HENNING AND
    BERMAN LLP
    685 3rd Avenue, 18th Floor
    New York, New York 10017
    (212) 999-7100

By:_____
    John P. Mitchell, Esq.
    DRINKER BIDDLE & REATH LLP
    1177 Avenue of the Americas
    41st Floor
    New York, NY  10036-2714
    P: (212) 248-3140
    F: (212) 248-3141
    john.mitchell@dbr.com

121258858.4

**STIPULATED AND AGREED TO BY:**

*Attorneys for Plaintiffs*

By:_____
    Danielle George, Esq.
    PHILLIPS & PAOLICELLI, LLP
    747 Third Avenue, 6th Floor
    New York, New York 10017
    (212) 388-5100

*Attorneys for Defendant/Third-Party Plaintiff
FCA US LLC*

By:_____
    Jessica L. Gross, Esq.
    HERZFELD & RUBIN, P.C.
    125 Broad Street
    New York, New York 10004
    P: (212) 471-8500
    F: (212) 344-3333
    jgross@herzfeld-rubin.com

*Attorneys for Defendant/ Third-Party
Defendant Yanfeng US Automotive
Interior Systems*

By:_____
    Cathleen A. Giannetta, Esq.
    WOOD SMITH HENNING AND
    BERMAN LLP
    685 3rd Avenue, 18th Floor
    New York, New York 10017
    (212) 999-7100

*Attorneys for Defendants Adient PLC and
Johnson Controls, Inc.*

By:_____
    John P. Mitchell, Esq.
    DRINKER BIDDLE & REATH LLP
    1177 Avenue of the Americas
    41st Floor
    New York, NY 10036-2714
    P: (212) 248-3140
    F: (212) 248-3141
    john.mitchell@dbr.com

121258858.4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN THE MATTER OF RETENTION OF      :
SEALED DOCUMENTS IN CIVIL CASES    :        STANDING ORDER
                                   :        M-10-468
                                   :
------------------------------------X

MICHAEL B. MUKASEY, CHIEF JUDGE:

      Any protective order in any civil case that provides
for the filing of information under seal shall include the
following provision:

    "Sealed records which have been filed with the clerk shall
    be removed by the party submitting them (1) within ninety
    (90) days after a final decision is rendered if no appeal is
    taken, or (2) if an appeal is taken, within thirty (30) days
    after final disposition of the appeal.  Parties failing to
    comply with this order shall be notified by the clerk that,
    should they fail to remove the sealed records within thirty
    (30) days, the clerk may dispose of them."

      This order will be self-executing, in that the Clerk
will treat all protective orders that direct the sealing of
documents in civil cases as if they contain the above provision.

SO ORDERED:

Michael B. Mukasey,
U.S. District Judge

Dated:  New York, New York
       October 5, 2001

MICROFILM

OCT - 5 2001