**Herzfeld + Rubin PC**

125 BROAD STREET
NEW YORK, NY 10004
TEL (212) 471-8500  FAX (212) 344-3333
WWW.HERZFELD-RUBIN.COM

**MEMO ENDORSED**

**Maureen Doerner Fogel**
Direct Dial (212) 471-8535
mfogel@herzfeld-rubin.com

December 22, 2021

<u>Via ECF</u>
The Honorable Kenneth M. Karas
United States District Court Judge
U.S. District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *W.S.R., An Infant By And Through His Father William Richardson, and William Richardson And Nicole Richardson, Individually v. FCA US LLC, Yanfeng US Automotive Interior Systems I LLC (a/k/a Yanfeng Automotive Interior Systems), Adient,Plc, et al.*
           Docket No. 7:18-cv-06961-KMK-AEK

Dear Judge Karas:

    This letter is submitted on behalf of Defendant FCA US LLC ("FCA US"). We write pursuant to Rule IX.A. of the Court's Individual Practices to request that confidential documents and information filed as Exhibits to FCA's Opposition to Plaintiff's Motion for Summary Judgment and to YFAI's Motion for Summary Judgment ("Oppositions") be sealed. The Exhibits attached to the Oppositions include:

1. Ex. B - Fogel Declaration FCA OPP to YFAI's MSJ
2. Ex. F - Fogel Declaration FCA OPP to Plaintiff's MSJ
3. Ex. F - Fogel Declaration FCA OPP to YFAI's MSJ
4. Ex. H - Fogel Declaration FCA OPP to YFAI's MSJ
5. Ex. I - Fogel Declaration FCA OPP to YFAI's MSJ
6. Ex. K - Fogel Declaration FCA OPP to YFAI's MSJ
7. Ex. L - Fogel Declaration FCA OPP to YFAI's MSJ
8. Ex. M - Fogel Declaration FCA OPP to YFAI's MSJ
9. Ex. P - Fogel Declaration FCA OPP to Plaintiff's MSJ
10. Ex. Q - Fogel Declaration FCA OPP to Plaintiff's MSJ
11. Ex. R – Fogel Declaration FCA OPP to Plaintiff's MSJ

    These documents are collectively referred to as the "Confidential Exhibits."

**HERZFELD + RUBIN**
PC

Honorable Kenneth M. Karas
December 22, 2021
Page 2

Moreover, FCA US previously moved to seal 22 documents attached to FCA's Motion for Summary Judgment which was granted by the Court on November 10, 2021 (Dkt. 261). Several of those same previously sealed documents are also now Exhibits to the current FCA US Oppositions. Accordingly, FCA US requests to seal those duplicate Exhibits for the same reasons previously set forth in the letter motion and Declaration of Dave Valley. A chart of the Confidential Exhibits previously sealed by the Court's November 10, 2021 Order is provided in Exhibit A to the Declaration of Dave D. Valley ("Valley Decl."), attached as Exhibit 1.

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Instead, the Court must "balance competing considerations against" access, including but not limited to, "the danger of impairing law enforcement or judicial efficiency" and "the privacy interest of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995)); *Prod. Res. Grp., L.L.C. v. Martin Pro., A/S*, 907 F. Supp. 2d 401, 417 (S.D.N.Y. 2012) (Karas, J.); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of a protective order, for good cause, to prevent disclosure of "a trade secret or other confidential research, development, or commercial information").

This balancing test here weighs in favor of sealing the Confidential Exhibits because they reveal highly sensitive, non-public business information that courts have consistently held warrants sealing. See *Lugosch*, 435 F.3d at 120.

Specifically, the Confidential Exhibits generally fall into four categories: (1) Engineering Compliance Reports and Approvals (3 documents); (2) Confidential Communications (2 documents); (3) Contract Terms and Conditions (3 documents); and (4) Engineering Test Reports (3 documents). These documents contain FCA US's highly sensitive and confidential trade secrets and other confidential and proprietary vehicle development and commercial information as set forth in the attached Valley Decl., attached as Exhibit 1. Mr. Valley attests as to why each category of documents is confidential to FCA (see Paragraphs 10-19), including:

The Confidential Exhibits reveal FCA US's internal processes for vehicle development, supply, and sourcing for purposes of distinguishing FCA US products in the marketplace. FCA US considers such matters to be commercially sensitive and proprietary business information. (Valley Decl., ¶14).

- Documents like the Confidential Exhibits are not publicly posted by the company nor shared with competitors, and thus are not available to the public or to FCA US's competitors. In the subject case, the Confidential Exhibits were disclosed by FCA US as part of the company's good faith discovery obligations and only after obtaining a Protective Order from the Court for purposes of ensuring that such

**HERZFELD + RUBIN** PC

Honorable Kenneth M. Karas
December 22, 2021
Page 3

- materials would be protected from public disclosure in order to protect FCA US's commercial interests and competitive standing. (Id).

- FCA US expended significant time and resources in generating the Confidential Exhibits. Multiple FCA US employees participated in their creation, which spanned several months. Such confidential business information is proprietary to FCA US, provides FCA US with an advantage in the market over anyone who does not have such information, and should thus remain protected from public disclosure. (Valley Decl., ¶15).

- FCA US derives an economic benefit from the information contained in the Confidential Exhibits and the fact that such processes are not generally known by or ascertainable to the public or to FCA US's competitors. (Valley Decl., ¶16).

- Public dissemination of the Confidential Exhibits would expose to FCA US's competitors to a) FCA US's confidential methods, approaches, and strategies for testing both the specific issue addressed and engineering issues in general, and b) FCA US's analysis, strategies, and conclusions concerning supply and sourcing issues. FCA US's competitors, in turn, would gain valuable information about FCA US's engineering processes, supply considerations, and conclusions that they otherwise would not know – all to FCA US's economic detriment. (Valley Decl., ¶17).

- FCA US's confidential procedures were developed over time and after significant investment, and thus provide FCA US with an economic advantage in the marketplace that is not available to its competitors. Public disclosure of the Confidential Exhibits would reduce the value of FCA US's investment in these confidential processes. (Valley Decl., ¶18).

- Disclosure of the Confidential Exhibits to FCA US's competitors would allow them to appropriate FCA US's confidential engineering process, analysis, and/or conclusions without incurring any of the costs involved to develop it, placing FCA US at a disadvantage in the highly competitive automobile industry. (Valley Decl., ¶19).

As such, the Confidential Exhibits were accordingly designated by FCA US as "confidential" and subject to the Protective Order in this action (Dkt. 43).

The Confidential Exhibits and the confidential information contained in those exhibits should remain confidential and sealed from the public record in order to avoid unfairly giving competitors access to FCA US's trade secrets, and insight into the companies' most sensitive and proprietary information. See, e.g., *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs

**HERZFELD + RUBIN** PC

Honorable Kenneth M. Karas
December 22, 2021
Page 4

and budgeting"); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) ("Disclosure of confidential proprietary material and trade secrets poses a significant risk of harm to Lilly, a pharmaceutical company operating in a competitive marketplace."); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035-36 (S.D.N.Y. 1993) (that defendant's "competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing); *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing" because "Plaintiffs would be competitively harmed."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

In accordance with the Court's Individual Practices and the Local Civil Rules, FCA US will concurrently submit a full set of the motion papers with the Confidential Exhibits redacted and a separate unredacted set with the proposed redacted material highlighted.

Additionally, we wish to advise Your Honor that defendant YFAI previously advised that they wish us to file certain exhibits (which are from their productions) under seal and they will be making their own application. Those Exhibits are Fogel Declaration in support of FCA's opposition to YFAI Exhibits U, W and Y.

Respectfully submitted,

*Maureen Doerner Fogel*

Maureen Doerner Fogel (MDF-0989)

cc: All counsel via ECF

Granted.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

January 3, 2022