**MEMO ENDORSED**



SHOOK
HARDY & BACON

                                            Maureen Doerner Fogel

February 5, 2024        1 Rockefeller Plaza
Suite 2801
New York, NY 10020
**t** 212-989-8844
**d** 212.779.6128
**f** 929-501-5455
mfogel@shb.com

<u>VIA ECF</u>
Honorable Kenneth M. Karas
United States District Judge
U.S. District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *W.S.R., An Infant By and Through His Father William Richardson, and William Richardson And Nicole Richardson, Individually v. FCA US LLC et al.*
          Docket Number: 7:18-cv-06961

Dear Honorable Judge Karas:

    We represent Defendant FCA US, LLC ("FCA") and write in concurrence with plaintiff's submission requesting that the record with respect to the Settlement be sealed for the reasons set forth therein. We request that the Settlement Agreement amount and terms remain sealed or redacted. The Settlement Agreement was the result of private negotiations between the parties pursuant to private mediation in which the Court played no role and no public right of access would otherwise attach absent it having been filed due to plaintiff's age. *See Hagen v AMTRAK*, 2018 U.S. Dist. LEXIS 113498 * a copy of which was filed as Dket No. 381-2 and cases cited therein.

    Confidentiality of the amount paid and other terms contained in the Agreement was an important aspect and incentive for FCA's agreement to settle, and the Agreement itself was conditioned on confidentiality and facilitated the settlement. Accordingly it is respectfully requested that the Court honor the parties' express wish in that regard. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004).

                                            Respectfully submitted,

                                            *Maureen Doerner Fogel*

                                            Maureen Doerner Fogel

ATLANTA | BOSTON | CHICAGO | DENVER | HARTFORD | HOUSTON | JERSEY CITY | KANSAS CITY | LONDON | LOS ANGELES | MIAMI | NEW YORK | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | ST. LOUIS | TAMPA | WASHINGTON, D.C.



**VIA ECF**

Cc  Yitzchak M. Fogel, Esq.
Cathleen Ann Giannetta, Esq.

February 5, 2024
Page 2

With respect to the proposed settlement, the Court has reviewed Plaintiffs' and FCA's thorough and comprehensive submissions. Based on these submissions, the Court concludes that the settlement is fair, reasonable, and in the best interests of the child. *See D. v. City of New York*, No. 14-CV-7131, 2016 WL 4734592, at *2 (S.D.N.Y. Aug. 22, 2016) (explaining that the analysis required under New York state law when assessing a proposed infant compromise is "whether [the] settlement is fair and reasonable and in the infant plaintiff's best interests" and collecting cases (citation omitted)), *report and recommendation adopted*, 2016 WL 4735365 (S.D.N.Y. Sept. 9, 2016); *see also Edionwe v. Hussain*, 777 N.Y.S.2d 520, 522 (App. Div. 2004) (same). Additionally, because Plaintiffs' and FCA's submissions contain all of the information necessary to fully assess the proposed settlement, the Court further concludes that an infant compromise hearing is not necessary here. *See F.P. by Paino v. Kimberly-Clark Corp.*, No. 23-CV-05798, 2023 WL 6930677, at *1 (E.D.N.Y. Oct. 19, 2023) ("The Court is not required to conduct a hearing about a proposed [infant] settlement if 'the necessary information is available from the documents and affidavits submitted in support of the motion.'" (quoting *Aguilar v. Carlisle Carrier, LLC*, No. 22-CV-628, 2023 WL 5241553, at *3 (E.D.N.Y. July 11, 2023), *report and recommendation adopted* (July 26, 2023)); *D.H.S. by Serrano v. United States*, No. 18-CV-983, 2020 WL 13552067, at *3 (E.D.N.Y. May 15, 2020) ("The court may hold a hearing to determine whether the terms of the settlement are fair, but may also decide the motion based on the parties' submissions without a hearing.") *report and recommendation adopted* (Aug. 7, 2020); *M.E. v. N.Y.C. Dep't of Educ.*, No. 15-CV-1651, 2016 WL 4575786, at *1 (E.D.N.Y. Sept. 1, 2016) ("The court may hold a hearing, but is not required to.").

Plaintiffs and FCA have also jointly requested that the Court seal any infant compromise order, as well as their submission in support of the proposed settlement. For the reasons set forth in Plaintiffs' and FCA's recent letters, (*see* Dkt. Nos. 381, 383), the Court grants that joint request. *See Hagen v. AMTRAK*, No. 15-CV-1291, 2018 U.S. Dist. LEXIS 113498, at *4 (N.D.N.Y. July 9, 2018) (explaining—where "[t]he parties themselves ha[d] agreed upon confidentiality of the settlement sum as a material term of their agreement"—that although "the public has an interest in knowing that the interests of the [infant-plaintiffs] have been protected, that the distribution of the settlement proceeds . . . is fair and proper, and that the monies earmarked for the [infant-plaintiffs] have been properly and prudently safeguarded (via structured annuities or otherwise), [the infant-plaintiffs and their father] have a stronger privacy interest in keeping the settlement sum private").

Finally, the remaining Parties in this Action are directed to file a letter regarding the status of this case by no later than Thursday, February 15, 2024.

The Clerk of Court is respectfully directed to terminate the pending motion. (*See* Dkt. No. 376.)

So Ordered.  /s/ KMK   2/6/2024