PHILLIPS & PAOLICELLI, LLP
ATTORNEYS AT LAW
747 THIRD AVENUE
6TH FLOOR
NEW YORK, NY 10017

(212) 388-5100
FAX: (212) 388-5200

April 18, 2024

**VIA ECF**
Honorable Kenneth M. Karas
United States District Judge
U.S. District Court, Southern District of New York
300 Quarropas St., Room 533
White Plains, NY 10601-4150

**MEMO ENDORSED**

        **Re:**    *W.S.R., An Infant By and Through His Father William Richardson, and William Richardson and Nicole Richardson, Individually, v. FCA US LLC,*
             Docket Number: 7:18-CV-06961-KMK

Dear Judge Karas,

       This office represents the Plaintiffs in the above-referenced action. Plaintiffs respectfully submit this Letter-Motion for Court approval of the settlement of this action against remaining-Defendant Yanfeng US Automotive Interior System II LLC in accordance with Local Rule 83.2, respecting the resolution of actions involving minor plaintiffs, and seeking the Court's entry of an Infant Compromise Order.

       Submitted separately herewith under seal are the following materials for this Court's review: the undersigned's Affirmation in support of this application; exhibits in support of the application, including the Affidavits of William and Nicole Richardson, parents and natural guardians of the infant Plaintiff, in support of the application; and a Proposed Order for this Court's consideration.

       Also submitted pursuant to this Court's individual rules is a copy of the settlement agreement to be so-ordered to permit this Court to retain jurisdiction to enforce the settlement. As an ICO has not yet been entered, the parties could not sign it. The parties therefore respectfully request that the Court allow the agreement to be signed and so-ordered after entry of the ICO.

       Plaintiffs and Defendant Yanfeng also respectfully request that this Court approve the filing of the documents under seal, as a condition of the settlement is its confidentiality. This Court previously permitted filing the FCA related ICO under seal by Order dated February 6, 2024. For all those reasons in this Court's prior Order, as well as those in Plaintiffs' February 5, 2024 letter (Doc. 381), the parties respectfully request that this Court approve the filing under seal.

{00084196}

Thank you for your consideration of this matter.

                          Respectfully Submitted
                          PHILLIPS & PAOLICELLI, LLP

                          *Yitzchak M. Fogel*
                          Yitzchak M. Fogel, Esq.
                          ID No. YF7186

cc:    All counsel (via ECF)

With respect to the proposed settlement, the Court has reviewed Plaintiffs' and Yanfeng's thorough and comprehensive submissions. Based on these submissions, the Court concludes that the settlement is fair, reasonable, and in the best interests of the child. *See D. v. City of New York*, No. 14-CV-7131, 2016 WL 4734592, at *2 (S.D.N.Y. Aug. 22, 2016) (explaining that the analysis required under New York state law when assessing a proposed infant compromise is "whether [the] settlement is fair and reasonable and in the infant plaintiff's best interests" and collecting cases (citation omitted)), *report and recommendation adopted*, 2016 WL 4735365 (S.D.N.Y. Sept. 9, 2016); *see also Edionwe v. Hussain*, 777 N.Y.S.2d 520, 522 (App. Div. 2004) (same). Additionally, because Plaintiffs' and Yanfeng's submissions contain all of the information necessary to fully assess the proposed settlement, the Court further concludes that an infant compromise hearing is not necessary here. *See F.P. by Paino v. Kimberly-Clark Corp.*, No. 23-CV-5798, 2023 WL 6930677, at *1 (E.D.N.Y. Oct. 19, 2023) ("The Court is not required to conduct a hearing about a proposed [infant] settlement if 'the necessary information is available from the documents and affidavits submitted in support of the motion.'" (quoting *Aguilar v. Carlisle Carrier, LLC*, No. 22-CV-628, 2023 WL 5241553, at *3 (E.D.N.Y. July 11, 2023), *report and recommendation adopted* (July 26, 2023)); *D.H.S. by Serrano v. United States*, No. 18-CV-983, 2020 WL 13552067, at *3 (E.D.N.Y. May 15, 2020) ("The court may hold a hearing to determine whether the terms of the settlement are fair, but may also decide the motion based on the parties' submissions without a hearing."), *report and recommendation adopted* (Aug. 7, 2020); *M.E. v. N.Y.C. Dep't of Educ.*, No. 15-CV-1651, 2016 WL 4575786, at *1 (E.D.N.Y. Sept. 1, 2016) ("The court may hold a hearing, but is not required to.").

Plaintiffs and Yanfeng have also jointly requested that the Court seal any infant compromise order, as well as their submissions in support of the proposed settlement. For the reasons set forth in this letter, the Court grants that joint request. *See Hagen v. AMTRAK*, No. 15-CV-1291, 2018 U.S. Dist. LEXIS 113498, at *4 (N.D.N.Y. July 9, 2018) (explaining—where "[t]he parties themselves ha[d] agreed upon confidentiality of the settlement sum as a material term of their agreement"—that although "the public has an interest in knowing that the interests of the [infant-plaintiffs] have been protected, that the distribution of the settlement proceeds . . . is fair and proper, and that the monies earmarked for the [infant-plaintiffs] have been properly and prudently safeguarded (via structured annuities or otherwise), [the infant-plaintiffs and their father] have a stronger privacy interest in keeping the settlement sum private").

The Clerk of Court is respectfully asked to seal Dkt. Nos. 395 and 396, restricting access to those documents to only the Parties to this Action and the Court, and to terminate the pending motion, (see Dkt. No. 394).

SO ORDERED

*[signature]*   4/29/2024

{00084196}